# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

REGINALD JONES,  
10214 Silver Bell Terrace  
Rockville, MD 20850

   Plaintiff,

v.

HSBC Bank USA, N.A.  
1800 Tysons Boulevard, Suite 50  
McLean, VA 22102

    Registered Agent:   The Corporation Trust Incorporated  
                                    300 E. Lombard Street  
                                    Baltimore, MD 21202

Fremont Reorganizing Corporation  
175 N. Riverview Drive  
Anaheim, CA 92808

    Registered Agent: The Corporation Trust Incorporated  
                                300 E. Lombard Street  
                                Baltimore, MD 21202

Home Equity Loan Trust, Series ACE 2005-HE5  
6525 Morrison Blvd., Suite 318  
Charlotte, NC 28211

    Serve: State Department of Assessment & Taxation  
             301 W. Preston Street  
             Baltimore, MD 21201

Wells Fargo Bank, N.A.  
P.O. Box 4900-Dept. 303  
Scottsdale, AZ 85261

    Serve: State Department of Assessment & Taxation  
             301 W. Preston Street  
             Baltimore, MD 21201

Superior Home Mortgage Corporation  
1395 Route 539  
Tuckerton, NJ 08087

\* Case No. 321469V

|  |  | * |
|---|---|---|
| Registered Agent: | The Corporation Trust Incorporated<br>300 E. Lombard Street<br>Baltimore, MD 20874 | * |

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Reston, VA 20190

    Serve: State Department of Assessment & Taxation
           301 W. Preston Street
           Baltimore, MD 21201

One Call Lender Services, LLC
521 Plymouth Road, Suite 120
Plymouth Meeting, PA 19462

    Registered Agent: Maryland Agent Services, Inc
                           8335 Ritchie Highway
                           Severna Park, MD 21146

Buonassissi, Henning & Lash, P.C.
1861 Wiehle Avenue, Suite 300
Reston, VA 20190

    Registered Agent: Richard A. Lash, Esquire
                           1861 Wiehle Avenue, Suite 300
                           Reston, VA 20190

Friedman & Mac Fayden, P.A.
Totman Building, Suite 400
210 East Redwood Street
Baltimore, MD 21202

    Serve: State Department of Assessment & Taxation
           301 W. Preston Street
           Baltimore, MD 21201

(Right margin: column of * asterisks running alongside the entire block)

## COMPLAINT

COMES NOW, Plaintiff, Reginald Jones (hereinafter "Plaintiff"), by and through Jose Martin Blanco, Esquire, and the Law Office of Property & Estate Law, PLC, his attorneys, and for his Complaint states as follows:

## PARTIES

1. Plaintiff is a resident of the State of Maryland, and is the lawful title holder of 10214 Silver Bell Terrace (hereinafter, the "Property").

2. Defendant Fremont Reorganizing Corporation (hereinafter "FREMONT") is a California corporation whose principal place of business is located in Anaheim, CA. Defendant FREMONT is authorized to and regularly does transact business in the state of Maryland, including originating mortgages on real property in the state, specifically including the Property.

3. Defendant HSBC Bank USA, N.A., as Trustee, (hereinafter "HSBC"), upon information and belief is a federally chartered bank, whose principal place of business is located in New York, NY. Defendant HSBC regularly transacts business in the state of Maryland including buying, selling and/or securitizing mortgages on property located in the state, specifically including the Property.

4. Defendant Home Equity Loan Trust, Series ACE 2005-HE5 (hereinafter "HOME EQ TRUST") is an incorporated association formed under the laws of Delaware, whose principal place of business is located in Charlotte, NC. Defendant HOME EQ TRUST does business in the state of Maryland, including buying, selling and/or securitizing mortgages on property located in the state, specifically including the Property.

5. Defendant Wells Fargo Bank, N.A. (hereinafter "WELLS FARGO") is a federally chartered bank under the laws of the State of South Dakota. Defendant WELLS FARGO's principal place of business is located in Scottsdale, AZ. Defendant WELLS FARGO is licensed to and regularly does transact business in the state of Maryland including buying, selling, securitizing and/or servicing mortgages on property located in the state, specifically including the Property.

6. Defendant Friedman & MacFayden, P.A. (hereinafter "F&M") is a law firm operated by Mark Friedman and Kenneth MacFayden, whose principal place of business is located in Baltimore, MD. Defendant is licensed to and regularly does transact business in the State of Maryland.

7. Defendant Superior Home Mortgage Corporation (hereinafter "SUPERIOR"), is a Maryland corporation whose principal place of business is located in Tuckerton, NJ. Defendant SUPERIOR is licensed to and regularly does transact business in the state of Maryland including serving as the lender or originator of property loans, specifically including the Property.

8. Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), is a Delaware corporation. MERS' principal place of business is located in Reston, VA. Defendant MERS regularly transacts business in the state of Maryland, including the electronic registration and transfer of mortgages, specifically including the Property.

9. Defendant One Call Lender Services, LLC (hereinafter "ONE CALL"), is a Pennsylvania Corporation. Defendant ONE CALL's principal place of business is located in Plymouth Meeting, PA. Defendant ONE CALL is a business entity previously

licensed to and regularly engaged in closing loans in the state of Maryland. Defendant ONE CALL conducted the closing for Plaintiffs. Defendant ONE CALL's authority to do business and maintain legal presence in Maryland has since been forfeited.

10. Defendant Buonassissi, Henning & Lash, P.C. (hereinafter "BH&L"), based on information and belief, is a professional corporation existing and organized under the laws of the Commonwealth of Virginia. Defendant BH&L's principal place of business is located in Reston, VA. BH&L is licensed to and regularly does transact business in the State of Maryland.

## JURISDICTION AND VENUE

11. This Court may exercise personal jurisdiction over Defendants in this action because they transacted business, including the transactions at issue in the present matter, within the state of Maryland.

12. Venue is appropriate in this Court pursuant to Md. Code Courts and Judicial Proceedings Articles §6-201 and §6-202 because Montgomery County, Maryland is the county in which the property at issue is located.

## FACTS

13. On May 6, 2005, Plaintiff entered into a consumer credit transaction with Defendant FREMONT to refinance the purchase money deed of trust on the Property located at 10214 Silver Bell Terrace, Rockville, MD 20850.

14. To effectuate the refinance, Plaintiff executed a promissory note as security interest on the Property.

15. At closing, Plaintiff signed a "Deed of Trust" and Promissory Note, which named Defendant FREMONT as Lender, Defendant F&M as Trustee, and Defendant MERS as Beneficiary.

16. The Promissory Note was for the amount of $750,000.00.

17. The Second Promissory Note was for the amount of $75,200.00

18. After executing the loan document, Plaintiff began paying his loan payments to FREMONT.

19. Plaintiff is the owner and sole title-holder of the Property.

20. In 2008, Plaintiff began receiving demands for payment and threats of foreclosure from Defendants BH&L, substitute trustees, and Defendant WELLS FARGO.

21. Upon information and belief, servicing of the subject trust loan was transferred to Defendant WELLS FARGO shortly after closing of the Property.

22. Upon information and belief these demands were sent on behalf of Defendant BH&L, as substitute trustee, jointly and severally, Defendant WELLS FARGO, as servicer, and/or Defendant HSBC, as Trustee, under the Pooling and Servicing Agreement dated August 23, 2005, Home Equity Loan Trust, Series ACE 2005-HE-5.

23. Defendants WELLS FARGO, HSBC, and FREMONT have no authority to enforce the obligation under the Promissory Note and/or the Deed of Trust.

24. Defendants BH&L, "substitute trustee," and Defendant WELLS FARGO, by and through BH&L, in violation of the Fair Debt Collections Practices Act and/or extortion laws, sent a number of communications to Plaintiff demanding payment, declaring default and acceleration on the Promissory Note, and threatening Plaintiff with

foreclosure if he failed to pay, when none of these Defendants had any right to enforce any alleged obligation of Plaintiff to WELLS FARGO.

25. Plaintiff alleges that each of the Defendants' claims of interest in the property, including Defendant MERS, is adverse to those of Plaintiff and that Defendants are without standing and legal authority to exercise any claim on the subject property, and that such claims, if any, are subject to being "quieted."

26. Upon information and belief, Defendants, including MERS, have no legal or equitable right, claim or interest in said real property as the obligation has been extinguished, has been satisfied, is void, or has been split from the Deed of Trust resulting in an unsecured Note or obligation, voiding the security interest in the Property.

27. Defendant HSBC and BH&L advised Plaintiff that his home will be foreclosed on October 7, 2009 at 11:35 am.

28. Defendants HSBC and BH&L, in violation of their fiduciary and impartial obligations under the Deed of Trust have failed to perform any due diligence to ensure that the entity (albeit unknown) invoking the power of sale under the Deed of Trust actually has the authority and standing to do so.

29. On or about April 10, 2009, Plaintiff mailed Defendant HSBC a Notice of Validation under the authority of the Fair Debt Collection Practices Act, 15 U.S.C. §1692(g), requesting information to demonstrate that Defendant HSBC has or had a valid interest in the loan.

30. Defendants HSBC and BH&L have failed to respond to Plaintiff's Notice of Validation.

31. To create the appearance of authority to conduct the scheduled foreclosure Defendants HSBC, HOME EQ TRUST, WELLS FARGO, and BH&L, executed, notarized, and filed with the land records a "Deed of Appointment of Substitute Trustee" dated June 16, 2009.

32. The Deed of Appointment of Substitute Trustee states:

> WHEREAS, the Deed of Trust provides inter alia, that the holder of the Note thereby secured may remove and substitute trustees at any time; and

33. Nowhere in the Deed of Trust is that language found or supported.

34. Defendant BH&L has filed *hundreds* of Deeds of Appointment of Substitute Trustee with this County's Land Records substituting themselves as "Trustee" or "Substitute Trustee," citing this same fallacious language that is completely unsupported by the Deed of Trust or Maryland Code, permitting them to proceed to foreclosure on property in this County.

35. The Deed of Trust clearly states in paragraph twenty-four (24) that the "Lender" may remove and appoint substitute trustees.

36. In the Deed of Substitute Trustee, Xee Moua, alleged attorney in fact of Defendant WELLS FARGO, asserts under oath that he/she is executing the Deed of Appointment of Substitute Trustee on behalf of WELLS FARGO, appointing Defendant BH&L as substitute trustee; and further asserts that WELLS FARGO is the authorized agent of HSBC; that HSBC is trustee to Defendant HOME EQ LOAN TRUST, which is itself perhaps purportedly acting on behalf of unknown, undetermined, and undisclosed certificate holders.

37. By the language contained in the Deed of Trust itself, Defendant HSBC does not qualify as the "Lender."

38. By the language contained in the Deed of Trust itself, Defendant WELLS FARGO does not qualify as the "Lender."

39. By the language contained in the Deed of Trust itself, HOME EQ TRUST does not qualify as the "Lender."

40. And certainly by the language contained in the Deed of Trust itself, the certificate holders of *any* mortgage backed securities conduit or securitized mortgage loan trust do not qualify as the "Lender."

41. Defendant BH&L, in violation of its fiduciary and impartial obligations under the first trust deed of trust has failed to perform any due diligence to ensure that the entity (albeit unknown) invoking the power of sale under the Deed of Trust actually has the authority and standing to do so.

42. Further, Defendant BH&L has failed to maintain its impartiality or conducted reasonable due diligence to perform its own functions.

43. Specifically, Defendant BH&L asserts without establishing its authority to so do, that it has prepared the Deed of Appointment of Substitute Trustee.

44. In so doing, it impliedly asserts that WELLS FARGO is HSBC's authorized servicing agent; that it is authorized to act as "attorney-in-fact" for HOME EQ TRUST; that HSBC is authorized to act as trustee to HOME EQ TRUST in the capacity that authorizes it to remove and appoint substitute trustees; and that HOME EQ TRUST has *any* authority to act given it is a loan trust that has issued certificates to unknown, undetermined, unidentified, and undisclosed certificate holders.

45. Essentially, Defendant BH&L has accepted, without question, the authority of Xee Moua to sign on behalf of WELLS FARGO, of WELLS FARGO to sign

on behalf of HSBC; that WELLS FARGO is authorized to act as "attorney-in-fact" for HSBC; that HSBC has authority to act as trustee for HOME EQ TRUST; and that HOME EQ TRUST has the authority to <u>enforce the Deed of Trust</u> on behalf of the unknown, undetermined, unidentified, and undisclosed certificate holders; AND most importantly, that this daisy and flimsy chain of authority is allowed under the Deed of Trust which is the subject of this litigation.

46. Whatever contractual arrangement third parties enter into with respect to their securitization of the subject Note is their business.

47. However, Plaintiff is a party to a security instrument, a contractual agreement called the Deed of Trust. No actions of third parties may amend or change the terms of the contract to which Plaintiff is a party without Plaintiff's consent.

48. Further, whatever arrangements these third parties may have regarding their contractual arrangements amongst themselves, have nothing to do with the obligations Plaintiff may have under the Deed of Trust.

49. Simply put, there is no privity or indicia of privity in contract between Plaintiff and those entities that wish to effectuate a foreclosure against Plaintiff's home.

50. To put it more succinctly, Defendants do not have standing or indicia of standing to conduct their concerted activities in furtherance of their extortion activities.

51. Once Plaintiff refused to pay, Defendants threatened foreclosure of Plaintiff's Property.

52. By proceeding with the aforementioned demands for payment, and threats of foreclosure, Defendants WELLS FARGO, HSBC, HOME EQ TRUST, FREMONT

and BH&L are, and were at all times material herein, in violation of the FDCPA and engaging in extortion by demanding money from Plaintiff when no debt is owed.

53. By proceeding with the aforementioned demands for payment Defendants WELLS FARGO, HSBC, HOME EQ TRUST, FREMONT and BH&L engaged in extortion by demanding money from Plaintiff when no debt was owed or, in the alternative, the security interest was unenforceable.

54. Defendant BH&L, as substitute trustee, is in breach of its fiduciary duty to Plaintiff to remain impartial as required by Maryland law.

55. The actions of, and extortion by, Defendants WELLS FARGO, HSBC and BH&L will result in significant harm to the Property of the Plaintiff unless the foreclosure scheduled for October 7, 2009 is stayed.

56. Defendant BH&L will assert that Defendant HSBC is entitled to certain presumptions, specifically, that assignment of the mortgage to Defendant HSBC is presumed by possession of the Note because the Note is alleged to be endorsed in blank. This is a presumption and not black letter law.

57. Plaintiff disputes the validity of the alleged endorsement in blank. The endorsement contains no date nor is it executed on a proper allonge or in a manner that specifically ties it to the subject Promissory Note. It is a blank page with what appears to be a stamp in the corner. There are no other identifying marks.

58. Plaintiff disputes any debt is owed to Defendant WELLS FARGO, HSBC, HOME EQ TRUST, BH&L, FREMONT or any other Defendant.

## COUNT I

<u>(VIOLATION OF THE FDCPA)</u>
Fair Debt Collection Practices Act ("FDCPA")
15 U.S.C. § 1692 et seq. (2000)

59. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 58 of the Complaint as if stated fully here in.

60. Without the authority to so act, WELLS FARGO, HSBC, HOME EQ TRUST, BH&L, FREMONT and potential Certificate Holders, have engaged in practices that violate the Fair Debt Collection Practices Act, as these Defendants do not have the right or authority to enforce the obligation, or in the alternative, the obligation has been extinguished, satisfied, or has been split from the Deed of Trust resulting in an unsecured Note.

61. In the alternative, were WELLS FARGO, HSBC, HOME EQ TRUST, BH&L, FREMONT and potential Certificate Holders, acting at the behest of another unknown entity (upon information and belief one of the other listed Defendants, i.e. Certificate Holders), their actions are still in violation of the FDCPA as that entity does not have the right or authority to enforce the obligation, or in the alternative, the obligation has been extinguished, satisfied, or has been split from the Deed of Trust resulting in an unsecured Note, or was acquired after an alleged declaration of default.

WHEREFORE, Plaintiff respectfully requests that this court award the maximum statutory damages under Fair Debt Collection Practices Act against Defendants WELLS FARGO, HSBC, HOME EQ TRUST, BH&L, FREMONT and potential Certificate Holders for each violation of the FDCPA, and award him reasonable attorney's fees, costs and punitive damages.

## COUNT II
(DECLARATORY JUDGMENT)
MD Code, Courts and Judicial Proceedings, §3-406

62. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 61 of the Complaint as if stated fully herein.

63. Defendants have no legal or equitable right or interest in the Promissory Note and/or Deed of Trust, or in the alternative, the obligation has been extinguished, satisfied, is void, or has been split from the Deed of Trust resulting in an unsecured Note.

64. Defendants have no standing or injury to establish standing to effectuate a valid and legal foreclosure.

65. Defendants have no privity of contract with Plaintiff to establish a claim of outstanding debt obligations which would allow them to effectuate a valid and legal foreclosure on Plaintiff's Property.

WHEREFORE, Plaintiff respectfully requests that this Court declare that, as a result of the securitization process to which the Promissory Note has been subjected, the Defendants have no legal or equitable interest in the Property, have no standing or injury to establish standing, have no privity of contract with Plaintiff, and have no authority to enforce the security instrument and/or Promissory Note.

## COUNT III
(BREACH OF FIDUCIARY DUTY)

66. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 65 of the Complaint as if stated fully herein.

67. Defendant BH&L owed the duties of impartiality and the ordinary care of a fiduciary to the Plaintiff, but engaged in collection efforts against the Plaintiff for an alleged default under the Promissory Note.

68. Defendant BH&L failed to perform reasonable due diligence when the request to proceed to foreclose was made by Defendant WELLS FARGO, HSBC, HOME EQ TRUST, FREMONT, MERS and/or potential Certificate Holders, or other unknown entities in violation of their duties of impartiality and ordinary care of a fiduciary.

69. Defendant BH&L has engaged in extensive efforts to collect an alleged obligation from Plaintiff and has wrongfully effectuated a foreclosure on Plaintiff's home in further violation of said duties.

WHEREFORE, Plaintiff respectfully requests that this court award him damages against Defendant BH&L, jointly and severally, in the amount of $750,000.00, plus reasonable attorney's fees and costs.

### COUNT IV
### (QUIET TITLE)

70. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 69 of the Complaint as if stated fully herein.

71. Plaintiff is the only party to this matter that can prove legal and equitable ownership interest in the Property.

72. Plaintiff therefore seeks a declaration that the title to the Property is vested in Plaintiff alone, free of the liens of the Deeds of Trust, and that the Defendants herein, jointly and severally, be declared to have no estate, right, title or interest in the subject property, and, further, that said Defendants be forever enjoined from asserting any estate,

right, title or interest in the Property adverse to Plaintiff herein, and award him reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order Quieting Title in the name of Plaintiff alone, and award him reasonable attorney's fees and costs.

### COUNT V
### (Injunction)

73. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 72 of the Complaint as if stated fully herein.

74. This action will determine the rights of the parties to the Property.

75. At the request of MERS, WELLS FARGO, HSBC or some other Defendant or entity, Defendant BH&L has scheduled Plaintiff's home for foreclosure on October 7, 2009. If the foreclosure is not stayed Plaintiff will suffer immediate, substantial and irreparable injury.

76. There is no adequate remedy at law that can protect Plaintiff's right and an injunction against the efforts to foreclose on the property must be stayed.

WHEREFORE, Plaintiff seeks an injunction staying the foreclosure until this action may be litigated and the rights of the parties may be determined by this Court.

### COUNT VI
### (FRAUD)

77. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 76 of the Complaint as if stated fully herein.

78. This action will determine the rights of the parties to the Property.

79. Defendant WELLS FARGO, by and through Defendant BH&L, filed an order to docket foreclosure against Plaintiffs' Property stipulating in their Deed of Substitute Trustee that:

> "... WHEREAS, the Deed of Trust provides inter alia, that the holder of the Note thereby secured may remove and substitute trustees at any time..."

80. The aforementioned stipulation contained in the DEED OF SUBSTITUTE TRUSTEE is *NOWHERE* to be found on the Deed of Trust.

81. Based on such misrepresentations, Defendant WELLS FARGO and Defendant BH&L fraudulently misrepresented and ascertained their authority to conduct a foreclosure.

82. The Deed of Trust, if anything, mentions only the "Lender" as having any such authority.

83. Defendants, by their misrepresentations and without establishing their standing, or demonstrating to the Plaintiff, and the Judicial system and the Courts of the state of Maryland, that Defendants are the true parties in interest, have fraudulently set themselves up as having the right to commence or effectuate foreclosures in the state of Maryland.

84. Defendants, by their misrepresentations and without establishing their standing, or demonstrating to the Plaintiff, and without worrying or attempting to preserve the sanctity of the state of Maryland's Land Recording System and Land

Records, have falsely, inaccurately and fraudulently set themselves up as having the right to commence or effectuate foreclosures in the state of Maryland.

85. In submitting sworn and notarized documents to the Land Records of the Circuit Court for Montgomery County, Defendant WELLS FARGO and Defendant BH&L have perpetrated a fraud upon the Plaintiff, the Court, and the residents of the this County.

WHEREFORE, Plaintiff respectfully requests that this Court award him/her/them damages in the amount of $100,000.00, attorney's fees, costs and punitive damages.

REGINALD JONES

By Counsel,

Property & Estate Law, PLC

By: _____
Jose M. Blanco, #17586
1950 Old Gallows Road, Suite 220
Vienna, VA 22182
(703) 621-3333 (office)
(703) 621-3332 (fax)
jblanco@propertyestatelaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Complaint has been delivered via certified first-class mail this 6th day of October, 2009, to all scheduled creditors and the following:

HSBC Bank USA, N.A.
1800 Tysons Boulevard, Suite 50
McLean, VA 22102

Registered Agent:   The Corporation Trust Incorporated
                    300 E. Lombard Street
                    Baltimore, MD 21202

Fremont Reorganizing Corporation
175 N. Riverview Drive
Anaheim, CA 92808

Registered Agent:   The Corporation Trust Incorporated
                    300 E. Lombard Street
                    Baltimore, MD 21202

Home Equity Loan Trust, Series ACE 2005-HE5
6525 Morrison Blvd., Suite 318
Charlotte, NC 28211

Served:   State Department of Assessment & Taxation
          301 W. Preston Street
          Baltimore, MD 21201

Wells Fargo Bank, N.A.
P.O. Box 4900-Dept. 303
Scottsdale, AZ 85261

Served:   State Department of Assessment & Taxation
          301 W. Preston Street
          Baltimore, MD 21201

Superior Home Mortgage Corporation
1395 Route 538
Tuckerton, NJ 08087

Registered Agent:   The Corporation Trust Incorporated
                    300 E. Lombard Street
                    Baltimore, MD 21202

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Reston, VA 20190

Served:     State Department of Assessment & Taxation
            301 W. Preston Street
            Baltimore, MD 21201

One Call Lender Services, LLC
521 Plymouth Road, Suite 120
Plymouth Meeting, PA 19462

Registered Agent:   Maryland Agent Services, Inc
                    8335 Ritchie Highway
                    Severna Park, MD 21146

Buonassissi, Henning & Lash, P.C.
1861 Wiehle Avenue, Suite 300
Reston, VA 20190

Registered Agent:   Richard A. Lash, Esquire
                    1861 Wiehle Avenue, Suite 300
                    Reston, VA 20190

Friedman & Mac Fayden, P.A.
Totman Building, Suite 400
210 East Redwood Street
Baltimore, MD 21202

Served:     State Department of Assessment & Taxation
            301 W. Preston Street
            Baltimore, MD 21201

Jose Blanco #17586

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues raised herein triable by jury.

_____
Jose Blanco #17586

2009 OCT -6 P 4: 34