IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **REGINALD JONES,** | * | |
| Plaintiffs | * | |
| v. | * | Case No.: RWT 09cv2904 |
| **HSBC BANK USA, N.A.,** *et al.*, | * | |
| Defendant. | * | |

# MEMORANDUM OPINION

Plaintiff Reginald Jones has filed a "Motion to Show Authority," purportedly pursuant to Md. R. Civ. P., Dist. Ct. 3-308(3). *See* Paper No. 25. Plaintiff demands that Russell J. Pope,[1] who has entered his appearance on behalf of Defendants, "prove his signature authority to participate in this case." *See* Pl.'s Mot. to Show Auth. at 1. Defendants oppose the motion and seek reasonable attorneys' fees and costs incurred in responding to it. *See* Defs.' Opp'n at 4.

Plaintiff's motion is utterly without merit. First, Rule 3-308 applies only in Maryland District Courts. This action has never been in any Maryland District Court and the Federal Rules of Civil Procedure govern in the United States District Court for the District of Maryland. Second, Rule 3-308 permits a *defendant* – not a plaintiff – to make a specific demand for proof. Third, the purpose of Rule 3-308 is not to contest the existence of an attorney-client relationship, which is what Plaintiff appears to be doing here, but rather raise an issue as to "(1) the legal existence of a party, including a partnership or a corporation, (2) the capacity of a party to sue or be sued, (3) the authority of a party to sue or be sued in a representative capacity, (4) the

---

[1] Russell J. Pope is a member of the Maryland Bar and has filed in the instant action, on behalf of Defendants, answers, a response to the Court's Order concerning removal, and Local Rule 103.3 disclosure statements. *See* Paper Nos. 8, 12, 13, 18, 19, 21, 23.

averment of the execution of a written instrument, or (5) the averment of the ownership of a motor vehicle." Md. R. Civ. P., Dist. Ct. 3-308(3).

Having considered Plaintiff's "Motion to Show Authority" and Defendants' opposition thereto, the Court believes for the reasons set forth above that reasonable cause exists to conclude that Rule 11(b) of the Federal Rules of Civil Procedure has been violated by the Plaintiff or the attorney representing him, or both, and that consideration should be given to the entry of an appropriate sanction. Accordingly, by a separate Show Cause Order, the Court will direct that Plaintiff and his attorney, Jose Martin Blanco, show cause why the actions described in this Memorandum Opinion were not in violation of Rule 11(b) and why sanctions should not be entered against either or both of them.

<u>March 10, 2010</u>                        <u>          /s/          </u>
Date                               Roger W. Titus
                                                 United States District Judge