IN THE UNITED STATES COURT DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| REGINALD JONES, | * |
| Plaintiff, | * |
| v. | *  Civil No. RWT-09-cv-2904 |
| HSBC BANK USA, N.A., et al., | * |
| Defendants | * |

**MEMORANDUM TO SHOW CAUSE WHY PLAINTIFF HAS NOT VIOLATED RULE 11(b) AND SANCTIONS SHOULD NOT BE FILED**

COMES NOW, Plaintiff Reginald Jones, through the undersigned Counsel, pursuant to Show Cause Order - Rule 11(c)(3), and hereby files this Memorandum to Show Cause. For the reasons set forth below, Plaintiff believes that Rule 11(b) of the Federal Rules of Civil Procedure has not been violated and respectfully requests that sanctions not be issued.

**Legal Standard**

The Court, by Memorandum Opinion, believes reasonable cause exists to conclude that Rule 11(b) of the Federal Rules of Civil Procedure has been violated by the Plaintiff. (Memorandum Opinion at 2). Rule 11(b) provides as follows: "By presenting to the court a pleading, written motion, or other paper... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4)

1

the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. Fed. R. Civ. P. 11(b).

## Discussion

Plaintiff alleges in good faith that he did not violate Fed. R. Civ. P. 11(b). Before going any further, Plaintiff respectfully requests that the Court carefully consider the nature of this case, and cases like this one, when considering whether or not to file appropriate sanctions. When effectuating foreclosures like that of the Plaintiff's real property, the nature of the lending industry is such that numerous parties are involved in both direct and, perhaps more commonly, representative capacities. As a result, it is fairly common to see a party other than the holder of the Note, i.e. the servicer, trustee or even Mortgage Electronic Registration Systems, Inc. as nominee, invoke the power to foreclose under the Deed of Trust. Because of these relationships founded on agency principles, the current lending landscape has become such that the identity, authority and capacity in which each party asserts an interest in a property can often become muddled and confusing. Often, when asking any of these parties, acting as the moving party, to produce an assignment of the Note/Deed of Trust, an agency agreement with the holder of the Note or, alternatively, evidence of agency as proof that it has the right to conduct a foreclosure, the moving party is unable to produce the evidence granting them the authority to invoke the power of sale under the Deed of Trust. Naturally, failure to produce this evidence leads the Plaintiff, and other home owners sharing similar circumstances, to question whether the foreclosing party is the property party-in-interest authorized to conduct the sale. It is this changing landscape that led Plaintiff to inquire into whether opposing counsel was acting on express authority from Defendants or proper agency grounds.

Although perhaps misguided, Plaintiff respectfully and vehemently denies any frivolous intent when preparing and filing the subject Motion to Show Authority. Plaintiff's general intent was founded on a published opinion by the Maryland Court of Appeals which explained the

relationship between Rule 3-308 and Rule 2-323 of the Maryland Rules of Civil Procedure and Federal Rules of Civil Procedure Rule 9(a). Specifically, the court explained the relationship between the Maryland Rules as follows: "Maryland Rule 2-323(f), applicable to the circuit courts, is quite similar in function to Rule 3-308. Instead of a 'demand for proof' Rule 2-323(f) requires a 'negative averment' to the same five issues contained in Rule 3-308...". *Cooper v. Sacco, et al.*, 357 Md. 622, 745 A.2d 1074 (2000). The court then goes on to discuss the relationships between the Maryland Rules and Federal Rule of Civil Procedure Rule 9(a) and provides as follows: "Although the annotations to Rule 3-308 do not indicate any source, it appears that the capacity language was derived from Federal Rules of Civil Procedure 9(a)... *Cf.* Md. Rule 2-323(f) annot. (noting that part of the circuit court rule, presumably the negative defense pertaining to capacity, was derived from Fed. R. Civ. P. 9(a))." *Id*, at 628-29. The basis for citing this case when preparing the Motion to Show Authority was to make light of this discussion undertaken by the Maryland Court of Appeals in which the relationship between these rules authorizing a demand for proof/negative averment were explained. Plaintiff agrees with opposing counsel that, ultimately, the facts of the case and the holding in *Cooper* are not germane to the present case. Memorandum in Opposition to Motion to Show Authority at 3.

Unfortunately, in citing the authority for Plaintiff's Motion to Show Authority, Plaintiff erroneously cited Md. Code Ann., Cts. & Jud. Proc. § 3-308(3). The applicable rule that should have been cited by the Plaintiff is Md. Code Ann., Cts. & Jud. Proc. § 2-323(f)(3).[1] Specifically, Rule 2-323(f) states "... when a party desires to raise an issue as to... (3) the authority of a party to sue or be sued in a representative capacity... the party shall do so by negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge. If not raised by negative averment, these matters are admitted for the purpose of the pending action". Md. Code Ann., Cts. & Jud. Proc. § 2-323(f)(3). Particularly of

---

[1] Rule § 2-323 of the Maryland Rules is applicable to this case because Plaintiff filed the Complaint in the Circuit Court for Montgomery County, Maryland on October 6, 2009. The case was removed to this Court on November 2, 2009.

3

note is that the Rule specifically states these matters are admitted should an issue not be raised, thus the motivation to proceed with Plaintiff's Motion to Show Authority. Further, unlike the Maryland District Court Rule, the language in Rule 2-323 does not limit the authority to make a negative averment to solely the Defendant, but instead grants the authority to "a party" in the action.

As discussed by the Maryland Court of Appeals in *Cooper*, the language of Maryland Rule 2-323 mimics that of Federal Rules of Civil Procedure Rule 9(a). *Cooper*, 357 Md. at 628-29 (2000). Federal Rule 9(a) provides: "(1)... a pleading need not allege: (A) a party's capacity to sue or be sued; (B) a party's authority to sue or be sued in a representative capacity... (2) To raise any of those issues, a party must do so by specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Fed. R. Civ. P. § 9(a). Like, Maryland Rule 2-323, the federal rule appears to grant authority to "a party" in the action rather than limiting said authority solely to the Defendant.

Because Plaintiff mistakenly cited Maryland Rule 3-308 in asserting its authority to move the court to have Defendants' attorney establish his signature authority to represent Defendants, Plaintiff did not attach the "supporting particular" required by Maryland Rule 2-323 (attached hereto as Exhibit 1). The supporting particular Plaintiff had in his possession is a Limited Power of Attorney recorded in the Maryland Land Records for Montgomery County. Pertinent to Plaintiff's decision to file Motion to Show Authority was the last paragraph of the Power of Attorney which states: "Notwithstanding anything continued herein to the contrary, the Servicer shall not, without the Trustee's written consent... (iii) engage counsel to represent the Trustee in any action, suit or proceeding not directly relating to the servicing of a Loan (including but not limited to actions, suits or proceedings against Certificate holders, or against the Depositor for breaches of representations and warranties)." Plaintiff does not offer said exhibit in an effort to pursue evidence of signature authority, as Plaintiff's interpretation of cited rules admittedly appears to be misguided. Plaintiff simply enters said document as an additional basis for what

prompted Plaintiff's inquiry and as further evidence that the subject motion was filed in good faith.

### Conclusion

Although Plaintiff's Motion to Show Authority was ultimately misguided, Plaintiff filed the subject motion in good faith and lacked any frivolous intent. Plaintiff believed he was moving the court to allow for a legitimate inquiry allowed by existing statutory law and relevant to the case at bar. Plaintiff's inquiry was motivated in part due to the Power of Attorney attached and in part due to the inherent nature of these cases and the agency relationships involved. Accordingly, Plaintiff believes he did not violate Federal Rules of Civil Procedure Rule 11(b) and respectfully requests that this honorable Court not enter sanctions against either the Plaintiff or undersigned counsel.

Respectfully Submitted

/s/ Jose Martin Blanco
Jose Martin Blanco, #17586
Property & Estate Law, PLC
1950 Old Gallows Road, Suite 220
Vienna, VA 22182
(703) 621-3333 (office)
(703) 621-3332 (fax)
(240) 776-4444 (MD)
jblanco@propertyestatelaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March, 2010, a copy of the foregoing has been filed via the Court's CM/ECF and/or mailed via first class mail, postage prepaid, to all parties who have entered appearance on behalf of named Defendants.

/s/ Jose Martin Blanco
Jose Martin Blanco, #17586
Property & Estate Law, PLC