IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| REGINALD JONES, | * |
| Plaintiff, | * |
| v. | * Case No. 09-02904-RWT |
| HSBC Bank USA, N.A., et al., | * |
| Defendants. | * |

## MOTION FOR PRELIMINARY INJUNCTION
## AND/OR TEMPORARY RESTRAINING ORDER

COMES NOW, Plaintiff Reginald Jones (hereinafter "Plaintiff"), by and through Jose Martin Blanco, Esquire, and the Law Office of Property & Estate Law, PLC, his attorneys, and, pursuant to Rule 65 of Federal Rules of Civil Procedure Rule, MD Rule 15-502 and 15-504, moves for an order granting a preliminary injunction and/or temporary restraining order, and in support thereof states as follows:

### Facts

1. On May 6, 2005, Plaintiff refinanced the purchase money deed of trust for the property located at 10214 Silver Bell Terrace, Rockville, MD 20850 (hereinafter "the Property").

2. To effectuate the transaction, Plaintiff executed a promissory note and deed of trust as security interests on the Property naming Fremont Reorganizing Corporation as Lender, Friedman & Mac Fayden, P.A. as Trustee and Mortgage Electronic Registration Systems, Inc. as Beneficiary.

3. On or about October 7, 2009, Defendants HSBC Bank, N.A. as Trustee, Home Equity Loan Trust, Series ACE 2005-HE5 and Buonassissi, Henning & Lash, P.C. conducted a foreclosure sale of the Property in which Defendants purchased the Property. The foreclosure was ratified by the Circuit Court of Montgomery County, Maryland on March 2, 2010.

4. Said foreclosure sale was preceded by the Complaint filed on behalf of Plaintiff in the Circuit Court of Montgomery County, Maryland on October 6, 2009 under case number 321469V.

5. Filed in conjunction with the Complaint was a *lis pendens* duly recorded in the land records of Montgomery County on October 6, 2009. A notice of lis pendens confirming receipt is attached hereto as Exhibit A.

6. On November 2, 2009, pursuant to 28 U.S.C. §1446(b), said Complaint was removed to the United States District Court for the District of Maryland on federal subject matter jurisdiction grounds. See docket entry #1 for this case.

7. The Complaint seeks, among other things, a declaratory judgment that Defendants have no legal or equitable right or interest in the Note and/or Deed of Trust and a declaration that title to the Property is vested in Plaintiff alone. See Complaint at ¶63, ¶72.

8. In addition, the Complaint also alleges a breach of fiduciary duty by the substitute trustee and fraudulent misrepresentation on the part of HSBC Bank, USA, N.A. as Trustee, Wells Fargo Bank as servicer, and Buonassissi, Henning & Lash, P.C. in an effort to effectuate foreclosure of the Property.

9. Answers to the Complaint have already been filed by Defendants as of November 30, 2009.

10. Nonetheless, Defendants filed a Motion for Judgment Awarding Possession of the Property in the Circuit Court of Montgomery County, Maryland on or about April 9, 2010.

11. On or about May 14, 2010, said court entered an order granting possession of the Property to Defendants.

## Legal Authority

12. MD Rule 15-502(b) states that the court, at any stage of an action and at the insistence of any party or on its own initiative, may grant an injunction upon the terms and conditions

justice may require. Granting of a temporary restraining order or preliminary injunction is within the court's sound judicial discretion. *Ehrlich v. Perez*, 908 A.2d 1220 (Md. 2006) and *Sinclair Refining Co. v. Midland Oil Co.*, 55 F.2d 42 (C.A.4, 1932).

13. MD Rule 15-502(c) states that the court may not deny an injunction solely because the party seeking it has an adequate remedy at law. *See Anne Arundel County v. Whitehall Venture*, 384 A.2d 780, 39 Md.App. 197 (1978) (The existence of an adequate remedy at law in the form of damages is not an absolute bar to injunctive relief). Implicit in said statutory language is a presumption in favor of granting a temporary restraining order/preliminary injunction where no adequate remedy at law exists. *Also see State v. Ficker*, 295 A.2d 231 (Md. 1972) (The Court of Appeals reversed the lower court's decision as it pertained to the Chancellor's determination of what constitutes an adequate remedy at law, finding that an adequate remedy at law for the petitioner did not exist, and remanded the case, advising that the Chancellor should grant the injunctive relief sought so long as the relevant Ordinance was found to be constitutional).

14. In exercising sound judicial discretion, the Court of Appeals for the Fourth Circuit has applied a balance of hardship test that has since been applied by Maryland courts. *Telvest, Inc. v. Bradshaw*, 618 F.2d 1029 (4th Cir. 1980). The test consists of the following four factors: (1) Likelihood of irreparable harm to the plaintiff without temporary injunction; (2) likelihood of harm to defendant with injunction; (3) plaintiff's likelihood of success on the merits; and (4) public interest. *Also see Schisler v. State*, 907 A.2d 175 (2006).

## Discussion

15. When applying the test set out by the Fourth Circuit and adopted by this court, upon consideration of whether to issue an injunction, the court is to first balance the likelihood of harm to plaintiff if the temporary injunction is not issued against the likelihood of harm to defendant if the temporary injunction is issued. *Telvest*, 618 F.2d 1029 and *Schisler*, 907 A.2d 175.

16. In the present case, Plaintiff would be forced to move all of his family's belongings and vacate the Property should a preliminary injunction be denied. Plaintiff would be forced to enter into a lease agreement for alternative housing and would likely have to downsize in the scenario he is forced to vacate his home, meaning he will also incur substantial storage expenses. This does not take into account possible lost wages and other miscellaneous moving expenses associated with searching for alternative housing, particularly when you consider the short time frame afforded to the Plaintiff to find alternative housing should the motion be denied.

17. Defendants, one of which was the purchaser of the Property at foreclosure sale, upon an order granting possession, would in all likelihood assume possession of a home which would remain vacant for many months until a willing purchaser for value is found or other alternatives for what do with the Property are evaluated. Defendants would assume upkeep costs for the Property during this time and would subject the Property to potential vandalism, something which has become quite common with foreclosed homes that remain vacant. The harm suffered by Plaintiff should the temporary restraining order and/or preliminary injunction be denied far outweighs any potential harm that may be suffered by Defendants should the same be granted.

18. Plaintiff would also suffer irreparable harm should a temporary restraining order and/or preliminary injunction be denied. Irreparable harm occurs when injury is of such character that fair and reasonable redress may not be had in court of law, so that to refuse injunction would be denial of justice; in other words, where from nature of act, or from circumstances surrounding person injured, or from financial condition of person committing it, it cannot be readily, adequately and completely compensated for with money. *Coster v. Department of Personnel*, 373 A.2d 1287 (Md. 1977).

19. In the present case, Plaintiff being forced to vacate his home inevitably constitutes harm for which mere monetary compensation cannot constitute an adequate remedy. In addition to the financial hardships discussed, Plaintiff's family would be forced to vacate a home in which they have lived for the last seven years and Plaintiff's child would in all likelihood be forced to

enroll in a different school district. Further, there is no other adequate remedy at law that can protect the Plaintiff's legal and equitable interest in the Property. Therefore, a presumption in favor of granting a temporary restraining order and/or preliminary injunction sought by Plaintiff exists.

20. The third prong of the balance of hardship test considers the likelihood the Plaintiff will succeed on the merits in his pending case. The Complaint contains six counts for which the Plaintiff stands a strong possibility of prevailing in at least several if not all.

21. Two of the counts in the Complaint involve a dispute as to legal and equitable right and/or interest in the Property. In disputing said interests, Plaintiff alleges that the balance owed on the subject Note has already been paid in full, or at least in part, pursuant to credit default swaps and/or other credit enhancement policies.

22. Specifically, Plaintiff alleges that the subject Note was sold to a Loan Trust as part of a pooling and servicing agreement. An interest in the Note was then sold to certificate holders in the form of mortgage-backed securities. Certificate holders, collectively, thus compensated the purported holder of the Note in exchange for an interest in the Note, in effect simultaneously paying off the balance owed by the Plaintiff. Said certificates were no longer insured by the Property, but were instead secured by insurance policies, mainly credit default swaps and/or other credit enhancement policies, which compensated certificate holders for default by the Plaintiff. Securitization of the Note by insurance policies effectively converted these interests in the Note held by certificate holders into stocks or bonds.

23. As a supplement to facilitate understanding of Plaintiff's allegation, a securitization diagram for Plaintiff's Loan Trust is attached hereto as Exhibit B.

24. Because the Note was no longer secured by the home, the Note was effectively split from the Deed of Trust, creating an unsecured obligation.

25. In the alternative, even if Plaintiff still owes pursuant to the Note and Deed of Trust that serve as security instruments for the Property, a proper accounting of the remaining debt owed

and the balance paid pursuant to credit default swaps and/or credit enhancement policies has never been provided to the Plaintiff. Therefore a genuine question of material fact exists as to the amount of debt owed, if any is owed at all. Consequently, a genuine question of material fact also exists as to whether Defendants have suffered the default necessary to exercise the power of sale pursuant to the Deed of Trust and effectuate foreclosure on the Property.

26. For the forgoing reasons, it is in the public interest to grant a temporary restraining order and/or preliminary injunction for all cases where a home owner's legal and equitable right and interest in his or her property is at stake.

27. In addition to meeting the requirements set out by the Fourth Circuit in *Telvest*, the interest acquired by Defendants in the Property is also subject to a lis pendens timely filed by the Plaintiff prior to foreclosure sale on the Property.

28. Lis pendens has no specific separate existence apart from its basic function to advise a person who seeks to acquire an interest in property subject to a lis pendens that he will be bound by the outcome of the noticed litigation. *Greenpoint Mortg. Funding, Inc. v. Schlossberg*, 888 A.2d 297 (Md. 2005). Also see *Washington Mutual v. Homan*, 974 A.2d 376 (Md. Ct. Spec. App. 2009) (Under the doctrine of lis pendens, one who acquires an interest in the property pending litigation relating to the property takes subject to the results of the litigation). Also see *Byrd v. Hoffman*, 417 B.R. 320 (Md. 2008), *DeShields v. Broadwater*, 659 A.2d 300 (Md. 1995), *Angelos v. Maryland Cas. Co.*, 380 A.2d 646 (Md. Ct. Spec. App., 1977).

29. The rationale behind the doctrine of lis pendens is that the law does not allow litigant parties to give to others, pending the litigation, right to the property in dispute, so as to prejudice the opposite party. *Creative Development Corp. v. Bond,* 367 A.2d 566 (Md. Ct. Spec. App., 1976). Outgrowth of rationale for the doctrine of lis pendens leads to general rule that during pendency of equity suit, neither party to litigation may alienate property in dispute so as to affect rights of another party to the suit. *Id.*

30. In Plaintiff's case against Defendants pending in federal court, legal and equitable title of the Property is at issue. As a result, the general rule referenced by the Court of Special Appeals suggests that neither party in the case at bar may alienate the Property so as to affect the rights of either party until the dispute in the pending case is decided. In the case at bar, filing of lis pendens preceded the foreclosure sale. Should Defendants be allowed to possess the Property, said possession would inevitably constitute an infringement on the legal and equitable rights of Plaintiff in the Property.

31. Furthermore, Defendants, and any subsequent purchaser who contracts with Defendants for the Property, takes the Property subject to results of the pending litigation. Therefore, should Plaintiff prevail in this case, title acquired by the Defendants at foreclosure sale would revert back to the Plaintiff and the sale would be considered null and void.

32. Practically speaking, and in the interest of judicial economy, allowing Defendants to take possession of the Property despite a pending suit which could result in reversion of title back to the Plaintiff exposes both parties to significantly greater costs.

## Conclusion and Prayer for Relief

33. Plaintiff incorporates fully the allegations contained in the foregoing paragraphs as if stated fully herein.

34. For all the foregoing reasons, Plaintiff has satisfied the balance and hardship test applied by this court in determining whether a temporary restraining order and/or preliminary injunction should be issued.

WHEREFORE, Defendant respectfully requests that this Court GRANT a temporary restraining order and/or preliminary injunction to prevent possession of the Property by Defendants;

                                                          Respectfully submitted,

                                                          REGINALD JONES

                                                          By Counsel,

                                                          Property & Estate Law, PLC

DATE: May 18, 2010

                                                          By    /s/ Jose Martin Blanco
                                                                   Jose M. Blanco, #17586
                                                                   1950 Old Gallows Road, Suite 220
                                                                   Vienna, VA 22182
                                                                   (703) 621-3333 (office)
                                                                   (703) 621-3332 (fax)
                                                                   (240) 776-4444 (MD)
                                                                   jblanco@propertyestatelaw.com
                                                                   *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for Preliminary Injunction and/or Temporary Restraining Order has been filed this 18th day of May, 2010 via the Court's CM/ECF filing system and or mailed via first class mail, postage prepaid, to all parties who have entered appearance on behalf of named Defendants and the following:

Brian S. McNair
Buonassissi, Henning & Lash, PC
1861 Wiehle Avenue, Suite 300
Reston, VA 20190
*Counsel for HSBC Bank USA, N.A. as Trustee*

/s/ Jose Martin Blanco
Jose Martin Blanco, Esquire