IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REGINALD JONES, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. RWT-09-2904 |
| HSBC BANK, USA, N.A, et al., | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN OPPOSITION TO MOTION
FOR PRELIMINARY INJUNCTION AND/OR
<u>TEMPORARY RESTRAINING ORDER</u>**

Defendants, HSBC Bank, USA, N.A. ("HSBC"), Home Equity Loan Trust ACE-2005-HES (the "Trust"), Wells Fargo Bank, N.A. ("Wells Fargo"), Buonassissi, Henning & Lash, P.C. ("BHL"), and Mortgage Electronic Registration Systems, Inc. ("MERS'), by their undersigned attorneys, pursuant to Local Rule 105, hereby file this Memorandum in Opposition to the Motion for Preliminary Injunction and/or Temporary Restraining Order recently filed by the Plaintiff in the above-captioned case. For the reasons set forth more fully below, the Plaintiff's Motion should be denied.

BACKGROUND

This litigation was commenced on or about October 6, 2009 with the filing of a civil Complaint in the Circuit Court of Maryland for Montgomery County. The Defendants then timely removed the case to this Court on or about November 2, 2009. The essence of the Complaint (to the extent it can be discerned) appears to be the novel belief that the sale and securitization of mortgage loans in the secondary market somehow "splits" the Deed of Trust

1

from the Mortgage Note and "extinguishes" the lender's security interest.  Complaint at ¶ 26.  As the Plaintiff sees it, this "split" effectively negates any authority the note holder or its substitute trustees may have had to enforce and act upon its lien against his former property.

It is worthy of note that a related foreclosure proceeding exists in the Circuit Court of Maryland for Montgomery County, styled *Buonassissi, et al. v. Jones* (Case No. 316757-V), which was commenced on July 10, 2009.  In that case, the Circuit Court entered its final Order ratifying the foreclosure sale on March 1, 2010.  On May 14, 2010, the Circuit Court awarded possession of the Plaintiff's property to HSBC.  Copies of those two Orders and the foreclosure case docket are attached hereto as Exhibits A, B, and C, respectively.  (Counsel for Jones in the foreclosure case is the same attorney who represents him in these proceedings.)

In his Motion, the Plaintiff acknowledges the state foreclosure action as well as the recent Order therein which awarded possession of his property to HSBC.  Complaint at ¶ 11.  Having opposed the ratification of the foreclosure sale and the award of possession to HSBC in the foreclosure proceedings, but failing in his efforts there, the Plaintiff now seeks the intervention of this Court to enjoin and "prevent possession of the property by Defendants."  Plaintiff's Motion at 7.  However, for the reasons set forth more fully below, this Court cannot grant the relief requested.

ARGUMENT

Although citing the wrong court rule,[1] the Plaintiff's recitation to the governing legal standard is correct:

> The standard in this Circuit when considering whether to issue a temporary injunction is the balance-of-hardship test. Under this test, the decision of the District Court must be based upon a flexible interplay of the four factors to be considered: (1) the likelihood of irreparable harm to the Plaintiff without the temporary injunction; (2) the likelihood of harm to the Defendant with the injunction; (3) Plaintiff's likelihood of success on the merits; and (4) the public interest.

*Telvest, Inc. v. Bradshaw*, 618 F.2d 1029, 1032 (4th Cir. 1980)(citations omitted). However, the Court need not reach the substantive test because it does not have jurisdiction to address the Motion in the first intance.

    I.      THE PLAINTIFF'S MOTION IS BARRED BY THE ANTI-INJUNCTION ACT.

In this case, the Plaintiff unabashedly acknowledges the final Orders in the Circuit Court for Montgomery County that ratify the foreclosure and award possession of his former property to HSBC. Yet, he now seeks an injunction from this Court barring enforcement of those Orders. Such an injunction is expressly prohibited by federal law.

The Anti-Injunction Act provides succinctly: "A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This statute "has helped to define our nation's system of federalism" and a

---

[1] The Plaintiff cites Maryland Rule 15-1502 as authority for his pursuit of injunctive relief in this Court. However, that Rule applies to proceedings in the Maryland state courts. This case is pending in the United States District Court for the District of Maryland, in which the Federal Rules of Civil Procedure apply.

court should not enlarge the scope of these exceptions "by loose statutory construction." *Employers Res. Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1130 (4th Cir. 1995).

In *Warriner v. Fink*, 307 F.2d 933 (5th Cir. 1962), the plaintiff sought a decree in federal court that a state foreclosure judgment be declared null and void, and enforcement of that judgment be enjoined. The Fifth Circuit there held that "the federal district court had no jurisdiction to enjoin the enforcement of, or to set aside, or to hold null and void the decree of foreclosure entered by the Circuit Court of Monroe County, Florida" because of the prohibition contained in the federal Anti-Injunction Act. 307 F.2d at 936. A similar result should follow in this case.

II. THE PLAINTIFF'S MOTION IS BARRED BY THE ROOKER-FELDMAN DOCTRINE.

Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by *writ of certiorari*. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under this principle, generally referred to as the *Rooker-Feldman* doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court. *Johnson v. DeGrandy*, 512 U.S. 997 (1994).

In *Turner v. Eastern Savings Bank*, 2010 WL 1409858 (D. Md. April 2, 2010), the plaintiff sought injunctive relief to stop the lender's post-foreclosure possession of property. This court denied the plaintiff's requested relief, finding that "the *Rooker-Feldman* doctrine prohibits the court from reviewing the state court action." 2010 WL 1409858 at *3. For the same reason, the Plaintiff's Motion for Injunctive Relief should be denied in this case.

III.    THE PLAINTIFF'S MOTION IS BARRED BY THE DOCTRINE OF *RES JUDICATA*.

Under Maryland law, the doctrine of *res judicata* bars a claim whenever:

> (1) the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior adjudication; and (3) there was a final judgment on the merits.

*Hall v. St. Mary's Seminary & University*, 608 F.Supp.2d 679, 684 (D. Md. 2009). All the elements of *res judicata* are present in this case and the Plaintiff's Motion should be denied on that basis.

The Plaintiff readily admits his active participation in the related state foreclosure. A review of the docket in that case reveals the following array of motions and objections filed by him there:

- Objection to Plaintiff's Motion to Docket and/or Motion to Rescind or Modify *Ex Parte* Order to Docket (7/27/09)

- Amended Objection to Plaintiff's Motion to Docket and/or Motion to Rescind or Modify *Ex Parte* Order to Docket (8/21/09)

- Motion to Reconsider Pursuant to F.R.C.P. 59(e)[2] (12/23/09)

- Reply to Plaintiff's Response to Motion to Reconsider Pursuant to F.R.C.P. 59(e) (1/20/10)

- Opposition to Motion for Judgment Awarding Possession of Property (5/6/10)

- Motion for Preliminary Injunction and/or Temporary Restraining Order (5/6/10)

*See generally* Exhibit C.

Perhaps most telling is the Motion for Preliminary Injunction and/or Temporary Restraining Order that was filed by Jones in the Circuit Court proceeding on May 6, 2010. A

---

[2]   Once again, the Plaintiff confuses which procedural rules apply to the particular court he is in.

copy of this Motion is attached hereto as Exhibit D.  When the state court Motion is viewed side-by-side against the pending Motion in this Court, it becomes clear that the two pleadings are more than just similar – they are virtually identical.

After receiving the Jones Motion in the foreclosure action, the Circuit Court for Montgomery County entered its final Order awarding possession of the property to HSBC on May 14, 2010.  *See* Exhibit B.  Four days later, being understandably disappointed with that ruling, he re-filed what is essentially the same Motion here in this Court on May 18, 2010.  Thus, Jones is attempting to take two bites at the same apple.

The Plaintiff's current tactic is precisely what the doctrine of *res judicata* is designed to prohibit:

> The doctrine of *res judicata* bars the re-litigation of a claim if there is a final judgment in a previous litigation where the parties, the subject matter, and causes of action are identical or substantially identical as to issues actually litigated and as to those which could have or should have been raised in the previous litigation.  *Res Judicata* protects the courts, as well as the parties, from the attendant burdens of re-litigation.

*Anne Arundel County Bd. of Ed. v. Norville*, 390 Md. 93, 106-07, 887 A.2d 1029, 1037 (2005).  In this case, the Plaintiff seeks to re-litigate his previous request for injunctive relief "to prevent possession of the property by [Defendants]."  Exhibit D at 8.  Having lost the issue in the state Circuit Court, he now asks this Court to review the matter afresh.  The doctrine of *res judicata* specifically prohibits just this type of conduct and the Plaintiff's Motion should be denied.

6

CONCLUSION

Having failed to obtain injunctive relief in the related state foreclosure proceeding, the Plaintiff has re-filed the same Motion in this Court.  However, this Court does not have jurisdiction to entertain the Plaintiff's claim because: (1) the requested relief is barred by the federal Anti-Injunction Act; (2) the requested relief is barred by the *Rooker-Feldman* doctrine; and (3) the requested relief is barred by the doctrine of *res judicata*.  For any one of these reasons, and certainly for all three, the Motion should be denied.

Respectfully submitted,

_____/s/ Russell J. Pope_____
Russell J. Pope
TREANOR POPE & HUGHES
Federal Bar No. 03645
29 W. Susquehanna Avenue, Suite 110
Towson, Maryland  21204
Tel:  (410) 494-7777

Attorneys for HSBC Bank, USA, N.A.,
the Home Equity Loan Trust ACE-2005-HES,
Mortgage Electronic Registration Systems, Inc.,
Wells Fargo Bank, N.A., and
Buonassissi, Henning & Lash, P.C

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of June, 2010, a copy of the foregoing Memorandum in Opposition to Motion For Preliminary Injunction and/or Temporary Restraining Order was filed electronically and/or mailed, postage prepaid, to:

Jose M. Blanco, Esq.
1950 Old Gallows Road, Suite 220
Vienna, VA   22182

          /s/ Russell J. Pope
Russell J. Pope