# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                                  |   |                          |
|----------------------------------|---|--------------------------|
| **REGINALD JONES,**              | * |                          |
|                                  | * |                          |
| Plaintiff                        | * |                          |
|                                  | * |                          |
| v.                               | * | Case No.: RWT 09cv2904   |
|                                  | * |                          |
| **HSBC BANK USA, N.A.,** *et al.*,| * |                          |
|                                  | * |                          |
| Defendants.                      | * |                          |

## **MEMORANDUM OPINION**

This action arises out of Plaintiff Reginald Jones' execution of a promissory note and deed of trust to refinance his Rockville, Maryland home. Jones eventually defaulted on his obligations under the promissory note and his creditors foreclosed under the deed of trust. The property, located at 10214 Silver Bell Terrace, Rockville, Maryland (the "Property"), was sold at a foreclosure sale on October 7, 2009.

On October 6, 2009, Jones brought an action in the Circuit Court for Montgomery County, Maryland against Fremont Reorganizing Corporation ("Fremont"), the lender; Friedman & Mac Fayden ("Friedman"), the original trustee; Mortgage Electronic Registration Systems, Inc. ("MERS"), the original beneficiary of the deed of trust; Wells Fargo Bank, N.A. ("Wells Fargo"), the loan servicer; Home Equity Loan Trust ACE-2005-HES (the "Trust"), which purchased the loan from Fremont in the secondary loan market; HSBC Bank USA, N.A. ("HSBC"), the successor trustee; Buonassissi, Henning & Lash, P.C. ("BHL"), the substitute trustee; One Call Lender Services, LLC ("One Call") and Superior Home Mortgage Corporation ("Superior Home"), whose alleged roles in the refinancing and foreclosure are unclear. Jones'

Complaint alleged violations of the Fair Debt Collection Practices Act, breach of fiduciary duty, and fraud, and seeks damages, an order to quiet title to the property, declaratory and injunctive relief. ECF No. 2. All of Jones' claims stem from injuries allegedly arising out of the foreclosure.

This case was removed to this Court from the Circuit Court for Montgomery County on November 2, 2009. ECF No. 1. After much procedural wrangling, Defendants HSBC, the Trust, Wells Fargo, BHL, and MERS (collectively "Defendants") moved to dismiss Jones' Complaint on October 21, 2010. ECF No. 36. Defendants argue that Jones' claims are barred under the doctrine of *res judicata*, the Anti-Injunction Act, and the *Rooker-Feldman* doctrine. Further, even if Jones' claims are not barred under these doctrines, Defendants argue that Jones' Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Soon after Defendants moved to dismiss the Complaint, Plaintiff moved for leave to file an amended complaint. ECF No. 39. Plaintiff's proposed amendments would recast this action as a statewide class action, replacing the claims initially advanced with claims that Defendants violated Maryland Code, Real Property § 7-105.1 and various other laws, by submitting fraudulent affidavits in support of their right to foreclose on Maryland homes. For the reasons stated below, the motion to dismiss will be granted and leave to amend will be denied.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2005, Plaintiff Jones refinanced his home with an $825,200 loan from Fremont. Compl. ¶¶ 16-17. In that loan transaction, Defendant Friedman was designated the trustee and Defendant MERS was named the beneficiary under the deed of trust. Defs.' Mem. in Support of Mot. to Dismiss, at 1, ECF No. 36-1. Shortly after the loan was made, it was assigned to Wells

Fargo for servicing. *Id.* Fremont sold the promissory note and deed of trust in the secondary loan market to the Trust, and HSBC was appointed as successor trustee. *Id.*

Jones eventually defaulted on his obligations under the note. *Id.* In 2008, Jones began receiving demands for payment and threats of foreclosure from Defendant Wells Fargo, the servicer, and Defendant BHL, the substitute trustee. Compl. ¶ 20. On July 10, 2009, BHL filed an order to docket a foreclosure of the Property in the Circuit Court for Montgomery County, pursuant to Md. Rule 14-207.[1] *Buonassissi v. Jones* (Case No. 316757-V), Dkt. No. 1, ECF No. 33-1, Ex. C.

Jones moved to rescind the order to docket the foreclosure on July 27, 2009, and filed amended objections to the order to docket on August 21, 2009. *Id.* Dkt. Nos. 7, 10. On October 7, 2009, a foreclosure sale was held at which Defendant HSBC purchased the Property. ECF No. 33-1, Ex. B. In an apparent attempt to forestall the foreclosure proceedings, Jones had filed this action in the Circuit Court the day before. ECF No. 2. Wells Fargo and BHL removed the case to this Court on November 2, 2009. ECF No. 1. Defendants Fremont and Friedman were dismissed from this action pursuant to consent motions on November 20, 2009. ECF Nos. 16, 17.

The Circuit Court held a hearing on Jones' motion to rescind the order to docket on December 2, 2009. All of Jones' objections to the order were overruled, and the motion was denied. *Buonassissi v. Jones* (Case No. 316757-V), Dkt. Nos. 24-26. Jones filed a motion for reconsideration which was denied on January 22, 2010. *Id.* Dkt. Nos. 28, 31. The Circuit Court entered a final order ratifying the foreclosure sale on March 1, 2010. *Id.* Dkt. No. 34. After HSBC moved for a judgment awarding it possession of the property, Jones filed a motion

---

[1] Rule 14-207(a)(1) provides, in pertinent part, "An action to foreclose a lien pursuant to a power of sale shall be commenced by filing an order to docket."

seeking a preliminary injunction to prevent HSBC from taking possession of the Property. *Id.*, Dkt. Nos. 36, 40. On May 13, 2010, the Circuit Court for Montgomery County entered an order awarding possession of the Property to HSBC. ECF No. 36-2, Ex. B.

On May 15, 2010, Jones filed a Motion for Preliminary Injunction and/or Temporary Restraining Order in this Court, seeking an injunction preventing HSBC from taking possession of the Property—the same relief he had requested in the Circuit Court foreclosure proceeding. ECF No. 32. Defendants opposed the motion, arguing that the issuance of a preliminary injunction would violate the Anti-Injunction Act, the *Rooker-Feldman* doctrine, and *res judicata* in light of the Circuit Court's order awarding possession of the Property to HSBC. ECF No. 33. Plaintiff filed a putative withdrawal of his motion for a preliminary injunction in this Court on June 18, 2010, conceding that "[s]ince Plaintiff's Motion for Preliminary Injunction will be heard in state court, final judgment on the merits of said motion in this court will no longer be necessary or appropriate." ECF No. 34, at 1.

The Circuit Court held a hearing on Jones' motion for a preliminary injunction on July 1, 2010, denied the motion as moot, and issued a writ of possession for the Property. *Buonassissi v. Jones* (Case No. 316757-V), Dkt. Nos. 47-50. On September 28, 2010, Jones was evicted from the Property. *Id.*, Dkt. No. 51.

Defendants HSBC, the Trust, Wells Fargo, BHL and MERS moved to dismiss Plaintiff's Complaint on October 21, 2010. ECF No. 36. Soon thereafter, Jones sought leave to file an amended complaint that would convert this action into a class action on behalf of all Maryland home buyers who have allegedly been defrauded by Defendants. ECF No. 39. Both the motion to dismiss and the motion for leave to amend the complaint are now ripe for resolution.

## STANDARDS OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within [ ] 21 days after serving it, or [ ] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." F. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." F. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." F. R. Civ. P. 15(a)(2).

## ANALYSIS

### I. Res Judicata

Defendants argue that Plaintiff Jones' claims are barred by the doctrine of *res judicata* because they were already resolved in the foreclosure action in Montgomery County Circuit Court. The Court agrees.

"Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) only if it clearly appears on the face of the complaint, when entertaining a motion to dismiss on

the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Andrews v. Daw,* 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (citations and internal quotations omitted).

"The doctrine of *res judicata* encompasses two concepts: (1) claim preclusion and (2) issue preclusion, sometimes called collateral estoppel." *DeCosta v. U.S. Bancorp*, 2010 WL 3824224 (D. Md. Sept. 27, 2010) (citing *In re Varat Enters., Inc.*, 81 F. 3d 1310, 1315 (4th Cir. 1996)). Defendants argue that Plaintiff's Complaint is barred under the doctrine of issue preclusion, which "bars a party from re-litigating an issue that he or she has already litigated unsuccessfully in another action." *Culver v. Md. Ins. Comm'r*, 175 Md. App. 645, 653 (2007).

For issue preclusion to apply, four elements must be met: (1) the issue decided in the prior adjudication must be identical to the one presented in the present action; (2) there was a final judgment on the merits in the first action; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the plea is asserted was given a fair opportunity to be heard on the issue in the first action. *Culver v. Md. Ins. Comm'r*, 175 Md. App. 645, 657 (2007).

Here, prongs two, three, and four were clearly met. Plaintiff Jones was a party to the Circuit Court foreclosure action, and actively opposed the foreclosure for almost a year. Jones' filings in the Circuit Court indicate that Jones was given a fair opportunity to be heard. Jones moved to rescind BHL's order to docket the foreclosure, filed amended objections to that order, moved for reconsideration after his objections were overruled, and filed a motion for a preliminary injunction seeking to prevent HSBC from taking possession of the Property. His

multiple filings were considered by the Circuit Court, which held hearings to consider the merits of Jones' motion to rescind and his motion for a preliminary injunction.

Moreover, Jones raised the very issues he raises in this action in the Circuit Court proceeding. At the heart of Jones' Complaint is his argument that Fremont's sale of the promissory note and deed of trust in the secondary loan market somehow voided the security interest, depriving the Trust and HSBC, the purchaser and successor trustee, of any rights under the deed of trust. *See* Compl. at ¶¶ 26, 60, 61, 63. The Complaint repeatedly asserts that Plaintiff has sole title to the Property and seeks an adjudication of the rights of the parties to the Property, an issue clearly resolved by the Circuit Court's May 13, 2010 Judgment Awarding Possession of the Property to HSBC. ECF No. 33-1, Ex. B. The identity of issues raised in this Court and the Circuit Court becomes even more apparent when comparing Jones' opposition to HSBC's motion for judgment awarding possession of the Property to HSBC in the Circuit Court with Jones' motion for a preliminary injunction in this Court. Jones advances the same argument in both, namely, that Defendants have no security interest in the Property because the sale of the promissory note and deed of trust somehow "split" the note from the deed of trust, voiding Defendants' interests. *Compare* ECF No. 32, ¶¶ 22-24 *with* ECF No. 33-1, Ex. D, ¶¶ 18-23. In entering a judgment for possession of the property in favor of HSBC, the Circuit Court rejected the arguments Plaintiff now raises in this Court.

Finally, it is clear that the Circuit Court entered a final judgment on the merits. After denying Jones' motion to rescind the order to docket, the Circuit Court ratified the foreclosure sale and entered judgment awarding possession of the Property to HSBC. *See* ECF No. 33-1, Ex. A & B. Jones did not appeal the judgment, and was evicted on September 28, 2010. This Court has previously held that a Circuit Court's denial of a motion to dismiss an order to docket

a foreclosure is a final determination on the merits sufficient to invoke issue preclusion. *DeCosta v. U.S. Bancorp*, 2010 WL 3824224, at *7 (D. Md. Sept. 27, 2010), *see also Coleman v. Countrywide Home Loan, Inc.*, 2010 WL 5055788, at *3 (D. Md. Dec. 3, 2010) (failure to file exception to foreclosure sale or take an appeal from Circuit Court's judgment ratifying foreclosure sale rendered ratification of sale a final judgment on the merits). Further, Jones did not move to revise or set aside the order granting HSBC possession under Maryland Rule 2-535,[2] nor did he appeal the order. The order granting HSBC possession therefore stands as a final adjudication of the rights of the parties in the Property.

Jones' claims are also barred under the doctrine of claim preclusion. Under Maryland law, claim preclusion "embodies three elements: (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined *or that which could have been raised and determined in prior litigation*; and (3) there was a final judgment on the merits in the prior litigation." *R & D 2001, LLC v. Rice*, 938 A.2d 839, 848 (Md. 2008) (emphasis added). "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F. Supp. 2d 566, 572-73 (D. Md. 2000); *see also Coleman v. Countrywide Home Loans, Inc.*, 2010 WL 5055788, at *3; *Green v. Ford Motor Credit Co.*, 828 A. 2d 821, 838-39 (Md. App. 2003) (noting that requirement of privity "has been relaxed . . . [and] would not bar estoppel by judgment (i.e. the bar of either res judicata or collateral estoppel) if all the other elements of those doctrines were proven.) Though the nominal Plaintiff in the foreclosure action was BHL, the substitute trustee,

---

[2] Rule 2-535 provides "On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2-534." Rule 2-534 allows the Circuit Court to set aside all or part of any judgment.

the defendants sued in this case are in privity with BHL because Plaintiff's claims against all defendants in this action are premised on Plaintiff's claim that the foreclosure judgment was invalid. Because all defendants share a mutuality of interest with respect to the validity of the foreclosure judgment, the first element of the claim preclusion test is met.

The second element of the claim preclusion test is also met. Jones' allegations that Defendants have no security interest in the Property because the sale of the promissory note and deed of trust somehow "split" the note from the deed of trust, voiding Defendants' interests, was raised in the prior foreclosure proceeding. *Compare* ECF No. 32, ¶¶ 22-24 *with* ECF No. 33-1, Ex. D, ¶¶ 18-23. Further, even if this Court were to allow Plaintiff to amend his complaint, the proposed amended complaint advances claims that *could have been raised and determined* in the foreclosure proceeding. Jones' proposed amended complaint asserts that the foreclosure was improper because Defendants "submit[ed] false and insufficient affidavits" in connection therewith, a claim that clearly could have been raised in the proceeding before the Circuit Court for Montgomery County. *See* ECF No. 39. Finally, as discussed, *supra*, the judgment of the Circuit Court for Montgomery County was a final judgment on the merits. Claim preclusion prevents this Court from re-adjudicating issues which were or could have been decided by the Circuit Court for Montgomery County.[3]

The Maryland courts and this Court, applying Maryland law, have consistently held that *res judicata* bars collateral attacks on foreclosure judgments entered in the Circuit Courts. *See Coleman v. Countrywide Home Loan, Inc.*, 2010 WL 5055788, at *4 (D. Md. Dec. 3, 2010),

---

[3] Because Jones' claims, both in his original and proposed amended complaint, are barred by *res judicata*, it is not necessary to address the applicability of the *Rooker-Feldman* doctrine. The Court notes, however, that the *Rooker-Feldman* doctrine does not deprive federal courts of subject matter jurisdiction where the federal action was filed before a state court judgment was rendered. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 (2005) ("When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court.")

*DeCosta v. U.S. Bancorp*, 2010 WL 3824224, at **6-7 (D. Md. Sept. 27, 2010), *Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F. Supp. 2d 566, 572-73 (D. Md. 2000), *Fairfax Svngs. v. Kris Jen Ltd. Partnership*, 655 A. 2d 1265, 1280 (Md. 1995). Each claim in Jones' Complaint seeks to re-litigate rights to title over the Property, an issue finally resolved by the Circuit Court's entry of judgment awarding possession of the Property to HSBC. Because Plaintiff's claims seek to nullify the foreclosure judgment by re-litigating issues resolved by the Circuit Court, his claims are barred under the doctrine of *res judicata*. Accordingly, the Complaint will be dismissed as to Defendants HSBC, the Trust, Wells Fargo, BHL, and MERS.

Though Defendants Superior Home Mortgage Corporation and One Call Lender Services, LLC did not join in the motion to dismiss, the Court will *sua sponte* dismiss the Complaint as to those defendants.[4] The Complaint makes no allegations against Superior Home Mortgage Corporation or One Call that are distinct from the allegations made against the other Defendants. For the reasons stated above, claims premised on Jones' claim to title over the Property were adjudicated by the Circuit Court, and may not be re-litigated in this Court.

## II. Motion for Leave to Amend the Complaint

Federal Rule of Civil Procedure 15(a) provides that the Court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend rests within the sound discretion of the trial court. *Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc.*, 853 F.2d 1139, 1148 (4th Cir. 1988). Denial of leave to

---

[4] The Court also notes that Defendant One Call Lender Services, LLC, a limited liability company now forfeited in the state of Maryland, may not have been properly served with process. Though this Court has previously held that "delivering a copy of a summons and complaint to a registered agent of a forfeited limited liability company less than one year after the forfeiture is effective service on that limited liability company," it is unclear when Defendant One Call Lender Services, LLC forfeited its right to do business in Maryland. *J & J Sports Prod., Inc. v. Royster*, 2010 WL 1741354 (D. Md. April 28, 2010). Therefore, One Call may not have been properly served in this action. Because claims against One Call are barred by *res judicata*, the Court need not resolve this issue.

amend a complaint must be based on a showing of prejudice, bad faith, futility, or dilatoriness associated with the motion. *Id.*

Jones' motion for leave to amend the Complaint is futile because his claims are barred under the doctrine of claim preclusion, as discussed, *supra*. Further, Jones' motion is clearly dilatory. This action was filed on October 7, 2009, and Jones did not move for leave to amend until over a year later. Jones advances no persuasive argument as to why leave to amend was not sought earlier in the course of this litigation. *See, e.g., Sandcrest*, 853 F. 2d at 1149 (affirming district court's finding that an 8 month delay in seeking leave to amend after the filing of the initial complaint was dilatory).

Moreover, Plaintiff's proposed amendments do not so much amend his Complaint as delete all of his original claims and replace them with class action claims based on entirely different factual allegations. *See* ECF No. 39. Jones' proposed amended complaint asserts seven causes of action premised on Defendants' alleged submission of fraudulent affidavits in Maryland state foreclosure proceedings—allegations that were not in any way a part of the original Complaint. *See* ECF No. 39-1. Such sweeping amendments would prejudice Defendants, who have already devoted considerable time and resources to responding to Plaintiff's motion for preliminary injunction and Plaintiff's earlier frivolous "motion to show authority." *See* ECF Nos. 25-28. Plaintiff has not demonstrated good cause why these sweeping amendments, which would greatly alter the character and scope of this litigation, should be allowed at this late date. Accordingly, Jones' motion for leave to amend his Complaint will be denied.

## **CONCLUSION**

Plaintiff's claims are barred by *res judicata*. Further, granting Plaintiff's dilatory motion for leave to amend the Complaint at this late date would be both futile and prejudicial to Defendants. Accordingly, Defendants' motion to dismiss will be granted, and Plaintiff's motion for leave to amend the Complaint will be denied by separate order.

February 3, 2011 /s/
Date Roger W. Titus
United States District Judge